16,999.

# THE FIRST NATIONAL BANK OF CRAWFORDSVILLE *v.* THE DOVETAIL BODY AND GEAR CO. ET AL.

ESTOPPEL.—*Appellate Procedure.—Corporation.*—An appellant, who has treated an organization as a corporation by suing it, securing a receiver for it, and obtaining a judgment against it as such, is estopped on appeal to assert that it is not a corporation.

CORPORATION.—*Action by Creditor to Reach Assets.—Corporation in Charge of Receiver.*—A creditor of a corporation cannot maintain a suit to reach assets for the payment of debts withheld from the corporation, where it affirmatively appears that a receiver is in charge of the corporation, administering its effects.

SAME.—*Corporation Paying Debt Owing by Its Directors.—When not Fraudulent.—Insolvency.*—It is not fraudulent for a corporation which is not insolvent, or contemplating dissolution, to pay, by assignment of notes and accounts, an indebtedness for which its directors have become responsible directly to such creditors.

SAME.—*Officers, Liability to Receiver for Money Received for Payment of Debt.*—Officers of a corporation, to whom money borrowed by it is turned over to pay to a third person in discharge of a debt

First Nat'l Bank of Crawfordsville *v.* Dovetail Body & Gear Co. *et al.*

upon which they are personally liable, who fails to make payment until after a receiver is appointed for the corporation, are accountable to the receiver for such moneys.

From the Montgomery Circuit Court.

*G. W. Paul* and *M. W. Bruner*, for appellant.

*W. T. Brush, E. C. Snyder, B. Crane* and *A. B. Anderson*, for appellees.

HACKNEY, J.—The appellant's complaint in the circuit court consisted of five paragraphs, the first against the Dovetail Body and Gear Company, as a corporation organized under the laws of this State, seeking a judgment upon a note and the appointment of a receiver; the second paragraph differed from the first only in its allegations as to the facts upon which a receiver was prayed; the third paragraph sought a recovery upon said note as against said company, the appointment of a receiver, and made appellees Summerville and Barnhill defendants, alleging, as to them, the receipt from said company and the appropriation by them to their individual uses and liabilities of a large sum in notes and securities, the property of said company. As to said sum, it was sought to charge said Barnhill and Summerville, who were directors and respectively president and secretary of said company, as for moneys misappropriated and to require an accounting therefor to the receiver. The fourth and fifth paragraphs were each against said company, said Barnhill and Summerville and a number of others, alleged members of said company. Each of said last two paragraphs was filed after the appointment of a receiver upon the other paragraphs, and each set forth the articles of incorporation of said company and the subscriptions thereto, which consisted of several signatures of the incorporators, and

opposite each signature the word and figures "2 shares $100.00," with no preceding words expressing an obligation to receive and pay for two or more shares of the capital stock, the total subscription, so stated upon the face of the articles being one thousand dollars while the capital stock was stated in the articles at fifty thousand dollars. Each of said paragraphs alleges an extensive business by said company through persons chosen as officers and agents, and a final suspension of its business with a large indebtedness in excess of its assets. The fourth paragraph avers that no other stock than the above mentioned was subscribed, "and by reason thereof there never was any valid stock subscribed, * * * * and the defendants never paid said fifty thousand dollars or any part thereof to said company, and the defendants were liable individually and as co-partners for all of the debts contracted by them in the name of" said company. The theory of the fourth paragraph is to charge the appellees, other than the company whose corporate existence is impliedly denied, as partners, because of their having transacted business as a corporation when none of the stated capital stock had been legally subscribed. The fifth paragraph, in addition to the facts we have shown to have been therein pleaded, averred, with reference to the stated capital stock, that "all the said individuals jointly subscribed for all said stock, and owned all of the shares jointly and as co-partners, and issued to themselves certificates for over 500 shares of the capital stock of said company, for which they never paid said company anything, and issued large numbers of certificates of stock to other persons for which nothing was ever paid to said company, and that more than $30,000.00 of said capital stock is solvent and has never been paid by said subscribers to said company, and the same is a trust

fund for the payment of the creditors of said concern. Said company is in the hands of said debtors, the subscribers, who are officers and managers thereof, appointed by themselves, and that they fail and refuse to pay such capital stock to said company to enable it to pay its debts, and refuse to bring suit in the name of said company against themselves to collect said money for said purpose." It was also alleged that a receiver had been appointed for said company, and that he was then in the discharge of the duties of his office. The relief expressly prayed was that the appellant "have judgment against all of the defendants for $8,500.00 on the note and contract set forth * * *, and prays judgment for $30,000.00 against said incorporators, to be paid into court to be administered by said receiver, and for equitable and proper relief." The theory of the fifth paragraph is that the corporation was legally incorporated and that the incorporators were liable to the corporation for the stated capital stock, as partners, and, for a recovery, for the use of a receiver, of a sum sufficient, from said partners, to pay the indebtedness of the company. The circuit court sustained the demurrer of the appellees, for want of sufficient facts, to each of the fourth and fifth paragraphs of complaint. Issues were formed upon the first, second and third paragraphs of complaint, and upon a trial the court rendered a special finding of facts and stated the conclusions of law therefrom, upon which special finding, and upon conclusions of law, judgment was rendered for appellant for $7,676.39 against the Dovetail Body and Gear Company and for $2,000.00 against Barnhill and Summerville, to be paid to said receiver as part of the assets of said company; and as to the appellees, other than the Dovetail Body and Gear Company, Barnhill

and Summerville, it was adjudged that appellant take nothing.

The sufficiency of the fourth and fifth paragraphs of complaint and the insufficiency in the amount of the judgment against Barnhill and Summerville are questions presented upon the assignment of error by the appellant, and the sufficiency of the facts, specially found, to warrant any judgment against Barnhill and Summerville is a question arising upon assignment of cross-error by them.

The fourth paragraph, even if sufficient standing alone, was subject to a motion to strike it out, and the sustaining of a demurrer was equivalent to that motion. The appellant treating the Dovetail Body and Gear Company as a corporation, having, in this action, secured a receiver for it as a corporation, and having, in each paragraph of complaint, sued it as a corporation, and obtaining upon its first three paragraphs of complaint a judgment against it as a corporation, a judgment the correctness of which is not here in review and which must remain hereafter in force against the corporation—no complaint can now be heard that it is not a corporation. While different views of a cause of action may be stated in one complaint without becoming subject to demurrer for repugnancy, it is not permitted that one may come into court with a cause of action upon which the court grants, in whole or in part, the relief prayed, and then, in the same suit, to invoke the action of the court upon the same cause of action differently stated and in radical conflict with the action already taken by the court.

Parties may not "first blow hot and then blow cold" with the same breath. Courts are not required to adopt inconsistent positions, though either position alone may not be improper, and when one position is taken by the

invitation of a party that party will be assumed to have made such an, election of remedies as that he will be denied the right to seek an inconsistent remedy. The inconsistency of appellant's two positions is made clearer, probably, by the suggestion that if we could hold the fourth paragraph of the complaint sufficient and reverse the cause for the error claimed, the judgment of the lower court appointing a receiver and subsequently for a sum of money in appellant's behalf, must stand as a barrier to any denial, so far as the claim sued on is concerned, of the legal incorporation of the company.

The fifth paragraph of complaint discloses, as we have shown, the appointment of a receiver for the Dovetail Body and Gear Company. This disclosure renders the pleading bad, since there is no cause of action in the creditor of a corporation to reach assets withheld from the corporation, for the payment of debts, when it affirmatively appears that a receiver is in charge of the corporation administering its effects. The recovery of subscribed and unpaid stock, or the setting aside of fraudulent conveyances to secure assets to pay debts, must be by the receiver, unless, possibly, it is alleged that he refuses to pursue the remedy. *Big Creek Stone Co.* v. *Seward,* 42 N. E. Rep. 464; *Nat'l Bank of Terre Haute* v. *Vigo Co. Nat'l Bank,* 141 Ind. 352; *Hutchinson, Ass'ee,* v. *First Nat'l Bank of Mich. City,* 133 Ind. 271; *Voorhees* v. *Carpenter,* 127 Ind. 300.

We consider, therefore, that it was not error to sustain the demurrer to either of said two paragraphs of complaint.

The only remaining question is as to the correctness of the finding and judgment of $2,000.00 against Barnhill and Summerville. The facts specially found by the court were that the company was indebted to the appel-

lant in the sum of $9,000.00, and desired to borrow additional sums; that the appellant declined to lend further sums to the company, but proposed to lend upon the notes and security of said Barnhill and Summerville; that for the use of the company said Barnhill and Summerville did, from time to time, borrow sums aggregating $6,000.00, and executed their individual notes therefor to the appellant; that said moneys were all devoted to the use and benefit of said company, which fact was well-known to the appellant; that of said $9,000.00 the company paid $2,000.00, leaving the balance the basis of the present suit; that, thereafter, four of the five members of the company's board of directors, including Barnhill and Summerville, assigned and turned over to said Barnhill and Summerville $8,448.37 of notes and accounts owing to said company, to be collected by them and applied upon said indebtedness of $6,000.00, for which they had so executed their notes to the appellant; that of the sums collected by them from the notes and accounts so assigned, they applied $4,000.00 upon said $6,000.00 of notes so owing to appellant, and the remaining collections, notes and accounts were applied to the company's business and turned over to the receiver. At the time of said transfer the company owed no debts other than those to the appellant including the $6,000.00 for which Barnhill and Summerville had executed their notes, and at that time the property and manufactured goods of the company were of the estimated value of $12,000.00. A second assignment of notes and accounts was made by the board for like purposes, but all sums collected therefrom and such thereof as remained were fully turned over to the receiver.

It is further found that by order of the board of directors an additional sum of $2,000.00 was borrowed by the

company from one of its directors, Edward C. Snyder, for the purpose of applying, and which was applied, $1,000.00 on September 26, 1892, and $1,000.00 on October 8, 1892, to the further payment of said $6,000 for which appellant had taken the paper of Barnhill and Summerville. In the loan of said $2,000.00 by Snyder, it was agreed that he should receive an immediate confession of judgment by the company, and thereby secure a first lien on its property. Accordingly, and within four days thereafter, the president of the company, by order of the board of directors, confessed judgment in favor of Snyder for said $2,000.00; and an additional sum owing Snyder for attorney's fees. At the time of borrowing said $2,000.00, the company was embarrassed and unable to meet its past due obligations, which fact Snyder and the directors well knew, and said agreement with, and confession of judgment for, Snyder were for the purpose of creating a preference in his favor as one of the creditors of the company.

The conclusion of the court in finding that Barnhill and Summerville should pay $2,000.00 into court for the use of the receiver could not consistently have been upon the theory that such sum belonged to the $4,000 collected from the assigned assets and applied to the debt of $6,000.00, since that conclusion would have rendered it equally necessary to have required the entire $4,000.00 to have been so paid in. Nor could it be reasonably contended that the balance of the $8,448.37 above the $4,000.00 and the second assignment, all of which was returned to the company and to its receiver, constituted any part of the finding of $2,000.00 against Barnhill and Summerville, since such repayment restored, to that extent, the misappropriation, if any. The questions arising upon the discussion of counsel, and those properly arising upon the special finding, are

as to the power of the directors to vote to some of their number securities with which to pay their obligations on behalf of the company and as to the effect of the transaction with Snyder and the two final payments to the appellant by Barnhill and Summerville from the moneys borrowed by the company from Snyder. The transaction with Snyder arises but incidentally, and its validity has been passed upon, in a branch of this case as originally brought. See the *First Nat'l Bank of Crawfordsville* v. *Dovetail Body & Gear Co.*, 143 Ind. 550.

Treating the $6,000.00 loans as the indebtedness of Barnhill and Summerville, and that the company was indebted in a like amount to them, instead of the debt being directly that of the company, and, as we learn from the special finding, the company was neither insolvent nor contemplating dissolution, we are unable to conceive why it should be regarded *per se* fraudulent to pay, by assignment of notes and accounts, a part of that indebtedness directly to Barnhill and Summerville, and indirectly to appellant. To hold the payment fraudulent, as a matter of law, simply because the creditors are stockholders and officers of the company, would be to deny that an officer or stockholder could, with the possibility of valid repayment, make a loan to his company. The rule for which the appellant contends so earnestly, that the stockholder and the officer hold the assets of the corporation in trust for all of the creditors, and for that reason are denied the power to deal with such assets for their own benefit, would often drive corporations into ruin for the lack of that aid so frequently received from those who are stockholders and officers, in the way of loans, or it would rob such creditors in denying them the right of repayment.

This court has firmly settled upon the rule that the

trust relation urged by counsel does not exist before the corporation is placed under the control of a court of equity for the adjustment of its affairs; that until such action no special lien exists in favor of one creditor or class of creditors, and that corporations, until such action, may prefer creditors just as individuals and co-partnerships may do.    *First National Bank of Crawfordsville* v. *Dovetail Body & Gear Co., supra; Henderson* v. *Indiana Trust Co.,* 143 Ind. 561, and cases there cited; see also note to *Conover* v. *Hull,* 45 Am. St. Rep. 810, 826, 835.

The validity of the debt is not questioned; the corporation secured the full benefit of the money secured from it by the two directors, and at the time of the assignment property of the supposed value of $12,000 remained from which to make the appellant's $7,000.00 held against the company, and payment of the claim owing to the two directors was not a disadvantage to the company, and placed the appellant in no worse condition than if the debt had been owing to a stranger who had been preferred by the payment. The court failed to find the existence of fraud, though its existence was a question of fact.    *Fuller & Fuller Co.* v. *Mehl,* 134 Ind. 60; *Hutchinson, Ass'nee,* v. *First Nat'l Bank of Mich. City, supra; First Nat'l Bank of Crawfordsville* v. *Dovetail, etc., Co., supra.*

The facts found rather repel the possible inference of the existence of fraud than to require a finding of its existence.    In *Henderson* v. *Indiana Trust Co., supra,* an assignment of choses in action, by order of the board of directors, to a creditor holding accommodation endorsements of members of the board, which assignments had the effect to protect such endorsers, was held not fraudulent *per se,* though the corporation was insolvent.

In *First Nat'l Bank, etc.,* v. *Dovetail, etc., Co., supra,* the confession of a judgment in favor of a creditor was held not fraudulent *per se.* There the ordinary rule that fraud is a question of fact to be found by the court and not presumed as a matter of law was applied, and there is no reason for denying the application of that rule in this case.

As to the $2,000.00 for which the court rendered judgment against Barnhill and Summerville, the correctness of the court's conclusion does not depend upon the existence or non-existence of fraud. By the finding of the court the corporation borrowed $2,000.00 to apply "to the payment of the debt to the plaintiff, upon which said Barnhill and Summerville were personally liable." The application was not made until after the corporation had passed into the hands of a receiver and when all of its assets belonged to the receiver, nor until a time when a trust relation did exist between the officers and the creditors for the application of all corporate assets to the claims of all creditors.

It is not found that the $2,000.00 were turned over to Barnhill and Summerville in payment of a debt of the company to them, but it is found that they, as president and secretary, were directed to pay that sum to the appellant.

They did not do as directed until after they had lost the authority to serve the corporation, nor until the receiver was in charge. Then by the rule that a trust relation arises in favor of the creditors, they could but account to the receiver for the moneys of the corporation in their hands undisposed of.

The sufficiency of the third paragraph of complaint, the only paragraph under which the judgment against Barnhill and Summerville could be rendered, is not presented by the record, nor was a motion made to modify

the judgment as to them.    There is, therefore, no question as to the right of the appellant to maintain the judgment in favor of the receiver.    *Lee* v. *Basey*, 85 Ind. 543 ; *Cleaveland* v. *Vajen*, 76 Ind. 146.

The judgment of the circuit court is affirmed.

Filed January 29, 1896.