Bissell, J.,
delivered the opinion of the court.
The San Francisco Tea Company was a Colorado corporation doing business in the city of Denver. On the 2d of April, 1895, the corporation gave a mortgage on its stock to Mrs. Donnelly, to secure the payment of a promissory note due on demand for a little upwards of $6,000. Con *503 currently with the execution of the security, the company turned over its stock to Mrs. Donnelly, who went into possession and proceeded to take an inventory. She lured clerks, and the former officers and manager of the company went out and surrendered the keys. The following day some other creditors of the company commenced a suit by attachment and levied their writ on the stock, took possession, and Mrs. Donnelly thereupon brought this suit against the sheriff to recover the possession or the value. The case was tried without a jury, and the court rendered a judgment for the jilaintiff. During the trial, it appeared that Mrs. Donnelly had been a stockholder and an officer of the company prior to the execution of the security. She owned one share less than one half of the stock up to March, 1894, when she disposed of it, and thereafter held but one share, which was sufficient to qualify her to act as a member of the directory, for it was a close corporation with only three members in the board. At the time the mortgage was executed she was neither an officer, director, nor stockholder in the company. The principal stockholders and the other director’s and officers were relatives, being a daughter and son-in-law, and the transfer of the one share was just prior to the execution of the security, and on these circumstances alone, and without any other proof of fraud or bad faith, the transaction is attacked. On the conclusion of the plaintiff’s case, the nominal defendant, through his counsel, moved for judgment because this was a transaction between a corporation and one of its creditors, which necessarily gave him a preference. It was insisted that the property of the corporation is a trust fund, which must be distributed equally and equitably among its creditors, and that no person who had been an officer of the company and stockholder to the extent of a single share could secure a preference by the acceptance of a mortgage when the corporation was insolvent. The motion was denied and.the case further proceeded, and on the conclusion of the testimony the court rendered judgment for the plaintiff. The main question which was litigated on- *504 the trial, and to which the evidence was principally directed concerned the question of possession. It was insisted by the defendant that there was no such change of possession as the law requires to give the mortgagee a good title as against an attaching creditor. This question is not seriously presented in the argument, and could not have been successfully insisted on because the court found the fact of the change of possession directly against the defendant. This being true the only question open concerns the right of a corporation to transfer property to its creditors, or to bona fide purchasers, either by way of security for a debt, or by way of sale, when it is insolvent. The principal argument has been directed to the general question of the right of a corporation to prefer one of its officers or directors, where it owes him a debt, as contra-distinguished from the right to mortgage or sell property to a third person, or to one who sustains no such relation to the company. The case decided by this court in West v. The Hanson Produce Co., 6 Colo. App. 467, has been very strongly attacked as asserting a doctrine which is not in harmony with the general rule which prevails among the later decisions. As we look at it, neither that case nor this presents the precise question which counsel have argued. In that case the notes which were paid by the transfer of the property had been executed by officers and directors of the corporation. In point of fact the transfer was not to pay the officers a debt which the company owed them, but to liquidate a debt which the Hanson Produce Company owed the bank. That company had borrowed the money of the bank and applied it to the purposes of its business while it was a going concern, and was the real debtor to the bank for the money loaned. For some banking reasons the bank preferred the personal paper of the individuals, although it was understood between all the parties that it was the debt of the company, which the company itself should discharge. Looked at in this light, it was not an appropriation by officers or directors for the satisfaction of a debt due them, but was the application of property of the company to the payment of its own debt. It is thus apparent *505 that the exact question Avas not as to the right and power of the company to prefer an officer, stockholder or director of a corporation as against other creditors. It is not however entirely clear that even this phase of the question has not been settled hi this state by the supreme court. In a very recent case, Crymble v. Muluaney, 21 Colo. 203, the supreme court sustained the sale of the property of a corporation to a director who paid an adequate consideration at the time of the purchase. The sale ivas upheld because it was clear from the testimony that the transaction was honest and fair, upon an adequate consideration, and ratified by the board of directors of the company who were its governing body. It was also sustained on the theory that the attaching creditor Avas in no condition to attack the sale, being a stranger to the transaction, and the doctrine expressed in Buell v. Buckingham, 16 Ia. 284, by J uclge Dillon Avas quoted and approved. This is substantially that a transaction of this sort may not be attacked by a stranger or attaching creditor, but only by persons who have an interest ih the property before the sale.
This whole question of the right of a corporation to deal Avith its property like natural persons independent of any positive law or regulation respecting it, seems to be recognized in the later cases, where Avhat is known as the trust fund theory was the subject of much discussion. It is adjudged that corporations like individuals have the full power of jus disponendi and may turn over all or part of its property to the payment of its debts, like an individual, where it is done in good faith and not for a fraudulent purpose. It is undoubtedly true that property of a corporation must be appropriated to the payment of its debts before any portion of it can be distributed to the persons interested in it, but unless there be some element of bad faith or fraudulent preference, or the transaction is between persons who sustain a fiduciary relation to the company under circumstances which ought to preclude them from asserting the preference, and who have taken advantage of the situation to their own bene *506 fit and to the detriment of creditors generally, the corporation may sell, transfer, or mortgage its property to bona fide purchasers for a valuable consideration, and the property may not be then held except subject to an appropriation to pay the debt for which it was transferred. There have been of late years some very exhaustive discussions of this subject, and the doctrine has been substantially recognized by these cases. Gottlieb et al. v. Miller et al., 154 Ill. 44; Fogg v. Blair, 133 U. S. 534; Richardson's Ex'r v. Green, 133 U. S. 30; Henderson v. The Indiana Trust Co., 143 Ind. 561.
There are many other cases to the same point which might be cited, but these opinions contain a careful citation of those cases, and themselves present a very clear and lucid exposition of the true rule.
The question was fully considered in a case decided at the last term of this court and the learned opinion of the president judge removes all occasion for any further argument.
Aside from this consideration, however, the supreme court has decided that an attaching creditor in that suit, or in another wherein Ms rights may be involved, is in no position to raise the question. The application of the doctrine is only possible where there is a suit in equity brought for the purpose with proper parties, and the authority of a court cf equity has been invoked to protect the assets and administer the estate. Jones v. The Bank of Leadville, 10 Colo. 464, 481.
Smce the finding of the court below is against the plaintiff in error on the matter of possession, and there is nothing in the case to show that the security was fraudulently executed and not upon an adequate and valuable consideration for money actually advanced the corporation by Mrs. Donnelly for the furtherance of its interests and the transaction of its business, she was entitled to maintain her suit, and she is therefore entitled to the judgment wMch she recovered.
We are unable to discover any error in the record and the judgment will accordingly be affirmed.

Affirmed.