Clapp *et al. v.* Allen *et al.*

## CLAPP ET AL. *v.* ALLEN ET AL.

[No. 2,386. Filed May 25, 1898.]

APPEAL AND ERROR.—*Parties.—Bills and Notes.*—An indorser of a note who was made a party defendant in an action on the note to answer merely as to the assignment of his interest in the note, and who is not a party to the judgment, is not a necessary party on an appeal from such judgment. *pp. 263-265.*

BILLS AND NOTES.—*Transfer.—Insolvency of Payee.—Sales.*—A nursery company sold its entire stock and received in payment therefor the purchasers' notes made payable to two of the directors of the company. The directors to whom the notes were made payable assigned one of the notes to plaintiff in payment of a note held by her against the company for borrowed money, such directors being indorsers on said note. The company was insolvent at the time of the sale and transfer of the note, although the directors believed at the time that it was solvent, and acted in good faith in the transactions. *Held,* that the acts of the company in making the sale of the stock and transferring the note were valid, and that plaintiff was entitled to recover on the note against the makers. *pp. 265-274.*

APPEAL AND ERROR.—*Bill of Exceptions.—New Trial.*—A motion for a new trial cannot be considered on appeal, where the causes assigned therefor depend upon the evidence, where all of the evidence is not in the record. *p. 274.*

From the Jennings Circuit Court. *Affirmed.*

*George F. Lawrence* and *Olin Bundy,* for appellants.

*Lincoln Dixon* and *T. C. Batchelor,* for appellees.

BLACK, J.—The appellee Rosetta Allen brought her action against appellants, Kennedy F. Clapp and Walter M. Carson, upon a promissory note not negotiable by the law merchant, made by the appellants, payable to the order of James S. Banister and Joseph Kelly, and assigned by indorsement in writing by the payees to the plaintiff.

In the course of the proceedings, upon motion of the plaintiff, said Banister and Kelly were made additional defendants, and they answered, alleging their indorsement of the note and disclaiming all interest therein. Also, upon the plaintiff's motion, John W. Spears, receiver of the Alert Nursery Company, was made an additional defendant, and he answered, alleging that said company had no interest in said note. To these answers of said additional defendants the plaintiff replied, asserting her belief that they were true. No relief was sought by said Banister and Kelly, or either of them, or adjudged in favor of them or either of them, and no relief was sought or adjudged against them or either of them in favor of any party. The judgment appealed from was in favor of the plaintiff for the amount of the note sued on by her against the original defendants, Clapp and Carson, and they alone appeal. In their assignment of errors they have named all of said additional defendants along with the plaintiff as appellees.

The judgment was rendered on the 19th day of June, 1896, and the transcript of the record, with the assignment of errors, was filed in this court on the 16th day of February, 1897. Under an application of the appellants filed April 1, 1898, for the issue of notice of this appeal to the administrator of the estate of said James S. Banister, deceased, and a motion of the appellees filed April 22, 1898, to dismiss the appeal, it has been made to appear that said Banister died on the 22nd day of December, 1896, and that a person named, residing in this State, is administrator of his estate, having been appointed as such December 31, 1896; that is, that said Banister died and said administrator of his estate was appointed, after the rendition of the judgment and before the filing here of the transcript and assignment of errors, naming said

Banister as an appellee, and the application for notice to the administrator of his estate is filed more than a year after the rendition of the judgment and more than a year after the taking of the appeal. For reasons sufficiently stated in a recent decision of this court, *Doble* v. *Brown, ante,* 12, the application for notice to the administrator cannot.be sustained. It does not necessarily follow that the appeal must be dismissed. The assignment being by indorsement in writing, it was not needed that Banister be by the plaintiff made a defendant to answer merely as to the assignment of his interest. No relief was sought against him by any other party. The appellants could appeal without serving notice upon Banister or his personal representative, for Banister obtained no judgment against the appellants, and he was not a co-party with the appellants in the judgment from which they appeal.

There was a special finding, in which the court stated the facts, in substance as follows: The Alert Nursery Company was organized in 1891, and was still in existence at the time of the trial. Immediately after its organization, it adopted rules and by-laws for the management of its business and the government of its affairs, which still remained in force, one of which provided that five of the directors of the company should constitute a quorum for the transaction of business. The company carried on a general nursery business, selling and delivering fruit trees, from the time of its organization to the 5th of June, 1894, on which day there was a meeting of the board of directors of the company at the office of its secretary, at Alert, Decatur county, Indiana, at which were present six directors—James S. Banister, William Banister, Joseph Kelly, W. H. Baker, A. B. Kiefer and Kennedy F. Clapp—all of whom participated in transacting the

business disposed of at the meeting, at which the company sold to the appellants all the stock, tools, plate books, stationery and belongings of the company, other than its outstanding accounts and notes on hand, for the agreed price of $1,500.00. The appellants executed their promissory notes to the company for $800.00, one note, being the note in suit, for $300.00, payable on or before twelve months after date, one for $300.00 payable on or before June 1, 1896, and one for $200.00 payable on or before June 1, 1897. These notes were made payable to James S. Banister and Joseph Kelly, two of the directors, with the understanding and agreement that the said Banister and Kelly were to collect the notes and apply the proceeds to the payment of a note for $1,200.00 held by the appellee Rosetta Allen against the company for borrowed money which she had loaned the company, the last mentioned note being indorsed by said James S. Banister and Joseph Kelly. It was agreed by and between said directors, acting for the company, and the appellants, at said meeting, when said sale was made, that $700.00 of the purchase price should be applied on a note held by the appellant Kennedy F. Clapp for $1,000.00 against the company. After the terms and conditions of said sale had been agreed upon at said meeting, and while the meeting was still in session, a written contract was drawn up by the secretary of said board, stating the terms and conditions of said sale, and this contract, then and there, while the meeting was still in session, was signed by W. H. Baker, William Banister, James S. Banister and Joseph Kelly, as directors of the company, and by the appellants for themselves; and some days later said contract was signed by A. B. Kiefer and N. E. Howe, as directors. After it had been reduced to writing, on June 5, 1894, at said meeting and

before the meeting adjourned, the secretary recorded the contract in the record, as a part of the minutes of said meeting, and the same was then signed, before the meeting adjourned, by William Banister, James S. Banister, Joseph Kelly, W. H. Baker and A. B. Kiefer, as directors for said company and by Kennedy F. Clapp and Walter M. Carson for themselves.  After the sale was so made, on the 5th of June, 1894, the appellants immediately took possession of the stock, tools, plate books and any and all property so purchased by them, and operated said nursery business under the name of Clapp & Carson, successors to the Alert Nursery Company.  They advertised by circulating printed cards, and employed hands to work in their nursery, cultivated the trees, made sales, selling about four thousand trees, digging them up, and shipping them to parties to whom they had made sales, collected money from said sales, paid the rent for the use of the land occupied by said nursery, and in all respects managed and operated said nursery as their own.  The appellants never returned or offered to return any part of said property to said company.  After the execution of the note sued on herein, and before the commencement of this action, said note was assigned by indorsement thereon in writing by said James S. Bannister and Joseph Kelly to the appellee Rosetta Allen.  At the time said sale was made on the 5th of June, 1894, the directors participating in the sale acted in good faith, "believing at the time the money due them from unpaid stock, notes and accounts due said company, would be sufficient to pay all the debts and liabilities;" and said sale was not made for the purpose of hindering, delaying or defrauding any of the creditors of said company.  At the time the sale was made to the appellants; said company was insolvent, the entire property of the

company not being sufficient to meet the liabilities of the company. At no time since said sale to the appellants had said company claimed any interest in the property so sold, and it was not in this action claiming any interest therein.

On the 8th of February, 1896, John W. Spears was appointed receiver of said company by the Circuit Court of Decatur county, Indiana, and he was still acting as such receiver. On the 25th of September, 1894, one William L. Heaberlain recovered a judgment in said Decatur Circuit Court against said company, and on the 24th of December, 1894, an execution was issued upon said judgment, and placed in the hands of the sheriff of Decatur county. On the 26th of February, 1895, said sheriff returned said execution, with his return indorsed thereon *nulla bona,* and on the 7th of January, 1896, another execution was placed in the hands of the sheriff of said Decatur county, to enforce the collection of said judgment. On the 15th of February, 1896, said sheriff offered for sale the property that was sold to the appellants by said company on the 5th of June, 1894; and Elizabeth Heaberlain bid at said sale the sum of $200.00, and the sheriff returned said execution with his return indorsed thereon, April 6, 1896. The property so offered for sale by the sheriff had been sold, delivered and turned over to the appellants by said company on the 5th of June, 1894. At and prior to the time of said sale to the appellants, said company "was contemplating, that is, was intending" to collect in all amounts due it, and together with the proceeds derived from the sale to the appellants, to apply the same on the debts and liabilities of said company.

Upon the foregoing facts the court stated its conclusions of law, two of which conclusions only are discussed by counsel as follows: First, that the appel-

lee Rosetta Allen was the owner of the note in suit; second, that said sale to the appellants was a valid sale, and that by the terms of said sale the appellants became owners of the property so sold.

There has been some discussion of a motion of the appellants to make the finding of facts more specific, but such a motion does not appear to have been made a part of the record, and the matter is not embraced in any of the alleged errors assigned. The substantial merits of the cause are shown by the special finding.

It is contended, in effect, on behalf of the appellants, that, under the facts stated, the sale of the property of the nursery company to the appellants was invalid, and that the payees could not confer title to the note given for the purchase price by their indorsement thereof; that the sale being illegal, the property had rightfully been taken upon execution by a creditor of the company; and that the note, under the facts, still legally belonging to the company, there could be no recovery upon it against the appellants.

By agreement between the company selling the property for which in part the note in suit was given by the appellants, the purchasers, it was made payable to two of the directors, who were to pay the proceeds to a creditor of the company, the plaintiff, in part payment of her valid claim against the company on which the payees were indorsers. Instead of collecting the note and paying over the proceeds to her, the payees assigned the note by their indorsement to her. The indorsement was substantially an accomplishment of the purpose of all the parties under their agreement thus to pay off a debt of the company. The ownership of the note was disclaimed by the payees named in the note, and by the company through its receiver. The appellants claim, in effect,

that the transaction whereby the appellee Allen's claim against the company was thus in part paid was invalid, and that the property sold was rightfully taken from them under a valid execution against the company. The property having been sold and delivered to the appellants long before the lien of the execution could attach, the reliance of the appellants is upon the supposed invalidity of the sale to them.

The express finding of the court eliminates from the case all consideration of the effect of fraud upon such a sale as that under examination. The sale of the property for which the note in suit was given appears to have been in all respects a *bona fide* transaction. Though the corporation was in truth insolvent, its directors making the sale believed its assets sufficient to pay its debts. The note in suit, with others, was destined by agreement of all the parties, to pay an indebtedness of the corporation to the appellee Allen, a stranger, whose claim was based upon an actual loan of money to the corporation. Two of the directors were incidentally benefited, being the indorsers on the claim so to be paid. Another portion of the consideration appears to have been the payment, through the sale, of a debt which the corporation owed upon its note to one of the purchasers, the appellant Clapp, who was a director.

It does not appear that the price agreed upon between the corporation and the appellants was not the full value of the property. The property at the time of the sale was in the possession and control of the corporation, not subject to any liens. It had not passed into the control of a court for administration at that time or at the time of the sale on execution.

In *First National Bank* v. *Dovetail, etc., Co.*, 143 Ind. 550, it was decided that the expression that "the property of a corporation constitutes a 'trust fund' for its

creditors," only means that when the corporation is insolvent, and a court of equity has taken possession of its assets for administration, such assets must be appropriated to the payment of its debts before distribution to its stockholders, but as between a corporation and its creditors, the former does not hold its property in trust or subject to a lien in favor of the creditors in any other sense than does an individual debtor. In that case, it was held that where a judgment was taken against an insolvent corporation, upon its consent, in compliance with an agreement thus to secure a loan of money made to the corporation by the judgment plaintiff, a stockholder, to discharge an indebtedness of the corporation upon which its president and secretary were individually liable, the proceeds of the loan being so applied, the lender having knowledge of such purpose, such judgment was a valid lien on the property of the corporation as against its creditors.

In *Henderson* v. *Indiana Trust Co.*, 143 Ind. 561, an insolvent corporation, whose financial condition was known by the board of directors, made an assignment of accounts which were owing to the corporation to a certain creditor of the corporation for the purpose of protecting the indorsers upon a collateral note held by said creditor (said indorsers being directors and stockholders), and by way of preference in the payment of the debt secured by said collateral note. The court decided that in such a case an insolvent corporation may, while it has the possession and control of its property, prefer any of its creditors who are not stockholders or directors of the corporation, even though the claims so preferred be secured by the indorsements of the directors and a part of the stockholders. Whether an insolvent corporation may pre-

fer a creditor who is a director or stockholder was not decided.

In *Levering* v. *Bimel*, 146 Ind. 545, it was said: "As between the corporation and its creditors, it cannot, in reason, be said that the relation is anything more than that of debtor and creditor. The relation of trustee and *cestui que trust* does not exist so far as to create a lien upon its assets in favor of the creditor, in any other sense than applies to an individual debtor." Referring to *Henderson* v. *Indiana Trust Co., supra,* and *First National Bank* v. *Dovetail, etc., Co., supra,* it was said: "By these decisions it is also, in effect, held that an insolvent corporation is not to be denied the right to prefer a creditor or creditors, when such preference does or may inure to the benefit of some of its officers who are sureties upon the claims of the creditors preferred.  *  *  *  The broad doctrine that the officers of a corporation cannot in their own names contract with it is unreasonable. Such a holding would virtually deny to corporations the credit upon which their business may be transacted. If the right of the stockholders and officers of a corporation to advance money to it to carry on its affairs, or to indorse for it to obtain money for such purpose, is denied, it would result in depriving the corporation of its most ready and frequent source of credit. If directors can lend money to the corporation, or indorses for it, under the laws of this State, they should certainly have the right to collect their debt or be secured therein as is accorded by the law to other creditors.  *  *  *  Where, however, an officer of an insolvent corporation is preferred, the rule properly asserted by the authorities is, that such act, when assailed, should be closely scrutinized by the court, and the burden will be cast upon the preferred officer to establish that he held a *bona fide* debt against the cor-

poration." It was said that there is no more equity in allowing an individual to prefer his wife or any other member of his family, if the preferred debt be an honest one, than in permitting a corporation to prefer its own stockholders or officers, whose vantage ground in this respect is known to all who deal with the corporation or extend credit to it.

While the reasoning in *Levering* v. *Bimel, supra,* is therein limited to the case in hand, which was one of preference of debts upon which directors were sureties, yet the language of the court, as we have shown above, goes to a greater extent, to which it seems the court would have gone in its application of the law if the facts of the case had so required. The sale to the appellants was not void.

The attack made upon the sale to the appellants is not urged, and does not appear to have been at any time urged, by or on behalf of any or all of the creditors of the company. The sale was made to two persons, one of whom does not appear to have been a member of the company, while the other was a director. They alone are asserting the invalidity of their purchase. The appellant Clapp, who, with his co-appellant, took possession of the property and enjoyed it as an owner, selling a considerable portion of it, and never returning or offering to return any portion to the company, is not in a position to claim the invalidity of the sale because thereby a claim of his against the corporation was paid. The application of the remainder of the consideration to the payment of the just claim of the appellee Allen, without fraud, did not, under the decisions to which we have referred, render the sale invalid by reason of the fact that two of the directors were sureties for the company thereon.

The fact that the property was sold on the execution

did not render the sale to the appellants invalid, or affect the right of recovery upon the note in suit.

A motion for a new trial was overruled, but the causes assigned therein cannot be considered, for the reason that the bill of exceptions by which it was sought to bring the evidence before us affirmatively shows that certain evidence was introduced which does not appear in the bill.    The judgment is affirmed.