MONTGOMERY v. MARKS ET AL.

[No. 27,799. Filed March 5, 1943.]

L. *Russell Newgent* and *William A. Boyce, Jr.*, both of Indianapolis, and *Pell & Pell*, of Shelbyville, for appellant.

*Ralph Bamberger, Julian Bamberger, Isidore Feibleman*, and *Charles B. Feibleman*, all of Indianapolis, and *William A. Yarling*, of Shelbyville, for appellees.

O'MALLEY, J.—This is an action brought by the appellant against the appellees wherein the appellant seeks to subject the appellees to the terms of a judgment obtained July 5, 1933, in the Hendricks Circuit Court, which judgment was recovered against the When Building Company, a corporation.

The complaint which is in three paragraphs is lengthy and we do not feel it necessary to set it out in full. It does allege the recovery of a judgment on July 5, 1933, in the Hendricks Circuit Court against Henry Benjamin Marks and his brother Isaac Marks, as partners, although the judgment was recovered against them under the name of When Building Company, a corporation, and that at the time of the commencement of said action the appellant believed the When Building Company, a corporation, to be a corporation, that a summons was issued and was served upon one of said partners as an officer of said When Building Company, a corporation. (However, the complaint does not show on whom the service was had.) The appellees there-

upon entered an appearance, employed counsel and filed answer of general denial and took a change of venue from Marion County to Hendricks County, all of which was done in the name of When Building Company, a corporation. Afterward appearance was withdrawn, defendants were defaulted and judgment in the sum of Fifteen Hundred Dollars ($1,500.00) in favor of appellant was awarded against the When Building Company, a corporation. It further alleges there was no such corporation in existence at the time of the filing of the action or on the date of the rendition of the judgment.

The second paragraph alleged that the appellees and their decedents obtained a lease on the second, third and fourth floors of the When Building, an office building on North Pennsylvania Street in the City of Indianapolis, Indiana, under an agreement to pay a stipulated rental and with the privilege of subletting, and that the said Henry Benjamin Marks and Isaac Marks organized a corporation pursuant to the laws of Indiana to operate said When Building, or that part thereof taken over by the said Henry Benjamin Marks and Isaac Marks, and under the terms of the Articles of Incorporation said corporation was to expire on the 15th day of November, 1929. Said second paragraph further alleges filing suit against Henry Benjamin Marks and Isaac Marks as partners in 1931, that during the pendency of that action Henry Benjamin Marks and Isaac Marks stated to the appellant, that in the year 1931 at the time appellant was injured, the When Building Company, a corporation, was operating said building and that they (Henry Benjamin Marks and Isaac Marks) personally were not so operating said building, and that because of said statements the appel-

lant thereupon dismissed the above action which she had commenced against the individuals Henry Benjamin Marks and Isaac Marks, and afterwards filed the action against the corporation. This second action was the one on which judgment was obtained in the Hendricks Circuit Court.

The third paragraph is similar to the second paragraph, and incorporates therein four rhetorical paragraphs of the second paragraph.

To each of these paragraphs of complaint the appellees demurred on the ground that neither of them stated sufficient facts to constitute a cause of action. The demurrer was sustained, and on refusal to plead further, judgment was entered for appellees.

The appellant in argument, and in her briefs, says that the complaint was not based on fraud but was a suit on the original judgment of July 5, 1933.

In this matter it is readily discernible that in the suit in the Hendricks Circuit Court, the appellant sued and obtained service on the When Building Company, a corporation, with the intention of suing the corporation and with no intention to sue the appellees or either Marks, Henry Benjamin Marks or Isaac Marks. No service of process on appellees or on Isaac Marks is alleged or even claimed, but it is claimed that service on the corporation should be considered as service on the individuals and should bind them as partners.

This is not a case where suit was brought against the right person but under a wrong name, with service on the right person, and the case of *The Bloomfield Railroad Company* v. *Burress* (1882), 82 Ind. 83, is therefore not in point. There suit was against the right party, but by a wrong name, and service of summons was had on the right party.

When we consider the second and third paragraphs of complaint we are confronted with allegations that service of summons was on one of the partners as an officer of said corporation, but we are now asked to construe this as service on Henry Benjamin Marks and Isaac Marks, as partners.

"The general rule is, that if the writ is served on the party by a wrong name, and he fails to appear and plead the misnomer, he is concluded, and in all future proceedings may be connected with the judgment by proper averments." *Vogel* v. *Brown Township* (1887), 112 Ind. 299, 300, 14 N. E. 77.

Where service is had upon a person or corporation, and said person or corporation is the one against whom suit has been filed, it cannot be said at a later date that the suit was against some other person or corporation and that the service of process should be considered as service upon the latter person or corporation. The Hendricks Circuit Court determined, by its judgment, that the When Building Company, a corporation, existed and both plaintiff and defendants in that action are bound by that judgment, unless and until it is set aside. That very matter was in issue in that suit. *First Nat'l Bank of Crawfordsville* v. *Dovetail Body & Gear Co. et al.* (1896), 143 Ind. 534-538, 42 N. E. 924.

It is the service of process that gives jurisdiction over the person of the defendant, unless there be a voluntary appearance, and without service of process or voluntary appearance, no valid judgment can be rendered. Wade on Notices (2d Add.), pp. 577-578.

Inasmuch as each paragraph of the complaint discloses that no process ever issued giving notice to Henry

Benjamin Marks and Isaac Marks that any claim existed against them, or either of them, in the suit decided July 5, 1933, in the Hendricks Circuit Court, and that the appearance therein by attorneys and various other steps taken were all taken by said attorneys for and on behalf of the corporation, it follows that neither Henry Benjamin Marks nor Isaac Marks were parties to said judgment and were not bound thereby. The court did not err in sustaining the demurrer.

The judgment of the Shelby Circuit Court is therefore affirmed.

NOTE.—Reported in 46 N. E. (2d) 912.