## [No. 1231.]

### Burchinell v. Bennett et al.

**1. Corporations—Mortgage.**

An insolvent corporation may mortgage its property for the payment of its debts the same as an individual where it is done in good faith and not for a fraudulent purpose. The facts that the mortgagee had been, prior to the time of the mortgage, a stockholder and director of the company, and at the time, the principal stockholders of the corporation were a daughter and son-in-law of the mortgagee, are not sufficient to taint the mortgage with fraud.

**2. Same—Attaching Creditors.**

A sale or mortgage of its property by an insolvent corporation to pay a debt cannot be attacked by a subsequent attaching creditor, but only by persons having an interest in the property before the sale or mortgage.

*Error to the District Court of Arapahoe County.*

Mr. Joseph N. Baxter and Mr. John C. Fitnam, for plaintiff in error.

Mr. S. L. Carpenter, for defendants in error.

Bissell, J., delivered the opinion of the court.

The San Francisco Tea Company was a Colorado corporation doing business in the city of Denver. On the 2d of April, 1895, the corporation gave a mortgage on its stock to Mrs. Donnelly, to secure the payment of a promissory note due on demand for a little upwards of $6,000. Con-

currently with the execution of the security, the company turned over its stock to Mrs. Donnelly, who went into possession and proceeded to take an inventory.   She hired clerks, and the former officers and manager of the company went out and surrendered the keys.   The following day some other creditors of the company commenced a suit by attachment and levied their writ on the stock, took possession, and Mrs. Donnelly thereupon brought this suit against the sheriff to recover the possession or the value.   The case was tried without a jury, and the court rendered a judgment for the plaintiff.   During the trial, it appeared that Mrs. Donnelly had been a stockholder and an officer of the company prior to the execution of the security.   She owned one share less than one half of the stock up to March, 1894, when she disposed of it, and thereafter held but one share, which was sufficient to qualify her to act as a member of the directory, for it was a close corporation with only three members in the board.   At the time the mortgage was executed she was neither an officer, director, nor stockholder in the company.   The principal stockholders and the other directors and officers were relatives, being a daughter and son-in-law, and the transfer of the one share was just prior to the execution of the security, and on these circumstances alone, and without any other proof of fraud or bad faith, the transaction is attacked.   On the conclusion of the plaintiff's case, the nominal defendant, through his counsel, moved for judgment because this was a transaction between a corporation and one of its creditors, which necessarily gave him a preference.   It was insisted that the property of the corporation is a trust fund, which must be distributed equally and equitably among its creditors, and that no person who had been an officer of the company and stockholder to the extent of a single share could secure a preference by the acceptance of a mortgage when the corporation was insolvent.   The motion was denied and the case further proceeded, and on the conclusion of the testimony the court rendered judgment for the plaintiff.   The main question which was litigated on

the trial, and to which the evidence was principally directed concerned the question of possession. It was insisted by the defendant that there was no such change of possession as the law requires to give the mortgagee a good title as against an attaching creditor. This question is not seriously presented in the argument, and could not have been successfully insisted on because the court found the fact of the change of possession directly against the defendant. This being true the only question open concerns the right of a corporation to transfer property to its creditors, or to *bona fide* purchasers, either by way of security for a debt, or by way of sale, when it is insolvent. The principal argument has been directed to the general question of the right of a corporation to prefer one of its officers or directors, where it owes him a debt, as contradistinguished from the right to mortgage or sell property to a third person, or to one who sustains no such relation to the company. The case decided by this court in *West v. The Hanson Produce Co.*, 6 Colo. App. 467, has been very strongly attacked as asserting a doctrine which is not in harmony with the general rule which prevails among the later decisions. As we look at it, neither that case nor this presents the precise question which counsel have argued. In that case the notes which were paid by the transfer of the property had been executed by officers and directors of the corporation. In point of fact the transfer was not to pay the officers a debt which the company owed them, but to liquidate a debt which the Hanson Produce Company owed the bank. That company had borrowed the money of the bank and applied it to the purposes of its business while it was a going concern, and was the real debtor to the bank for the money loaned. For some banking reasons the bank preferred the personal paper of the individuals, although it was understood between all the parties that it was the debt of the company, which the company itself should discharge. Looked at in this light, it was not an appropriation by officers or directors for the satisfaction of a debt due them, but was the application of property of the company to the payment of its own debt. It is thus apparent

that the exact question was not as to the right and power of the company to prefer an officer, stockholder or director of a corporation as against other creditors. It is not however entirely clear that even this phase of the question has not been settled in this state by the supreme court. In a very recent case, *Crymble v. Mulvaney*, 21 Colo. 203, the supreme court sustained the sale of the property of a corporation to a director who paid an adequate consideration at the time of the purchase. The sale was upheld because it was clear from the testimony that the transaction was honest and fair, upon an adequate consideration, and ratified by the board of directors of the company who were its governing body. It was also sustained on the theory that the attaching creditor was in no condition to attack the sale, being a stranger to the transaction, and the doctrine expressed in *Buell v. Buckingham*, 16 Ia. 284, by Judge Dillon was quoted and approved. This is substantially that a transaction of this sort may not be attacked by a stranger or attaching creditor, but only by persons who have an interest in the property before the sale.

This whole question of the right of a corporation to deal with its property like natural persons independent of any positive law or regulation respecting it, seems to be recognized in the later cases, where what is known as the trust fund theory was the subject of much discussion. It is adjudged that corporations like individuals have the full power of *jus disponendi* and may turn over all or part of its property to the payment of its debts, like an individual, where it is done in good faith and not for a fraudulent purpose. It is undoubtedly true that property of a corporation must be appropriated to the payment of its debts before any portion of it can be distributed to the persons interested in it, but unless there be some element of bad faith or fraudulent preference, or the transaction is between persons who sustain a fiduciary relation to the company under circumstances which ought to preclude them from asserting the preference, and who have taken advantage of the situation to their own bene-

fit and to the detriment of creditors generally, the corpora-
tion may sell, transfer, or mortgage its property to *bona fide*
purchasers for a valuable consideration, and the property
may not be then held except subject to an appropriation to
pay the debt for which it was transferred. There have been
of late years some very exhaustive discussions of this sub-
ject, and the doctrine has been substantially recognized by
these cases. *Gottlieb et al.* v. *Miller et al.*, 154 Ill. 44; *Foyy*
v. *Blair*, 133 U. S. 534; *Richardson's Ex'r v. Green*, 133 U. S.
30; *Henderson v. The Indiana Trust Co.*, 143 Ind. 561.

There are many other cases to the same point which might
be cited, but these opinions contain a careful citation of
those cases, and themselves present a very clear and lucid
exposition of the true rule.

The question was fully considered in a case decided at the
last term of this court and the learned opinion of the presi-
dent judge removes all occasion for any further argument.

Aside from this consideration, however, the supreme court
has decided that an attaching creditor in that suit, or in
another wherein his rights may be involved, is in no position
to raise the question. The application of the doctrine is only
possible where there is a suit in equity brought for the pur-
pose with proper parties, and the authority of a court of
equity has been invoked to protect the assets and administer
the estate. *Jones v. The Bank of Leadville*, 10 Colo. 464, 481.

Since the finding of the court below is against the plaintiff
in error on the matter of possession, and there is nothing in
the case to show that the security was fraudulently executed
and not upon an adequate and valuable consideration for
money actually advanced the corporation by Mrs. Donnelly
for the furtherance of its interests and the transaction of its
business, she was entitled to maintain her suit, and she is
therefore entitled to the judgment which she recovered.

We are unable to discover any error in the record and the
judgment will accordingly be affirmed.

                                                        *Affirmed.*