[No. 3735.]

BURCHINELL v. KOON.

The judgment of the court of appeals is affirmed, and the opinion of that court as published in 8 Colo. Ct. App. 463 is adopted as the opinion of this court.

*Appeal from the Court of Appeals.*

Mr. T. J. O'DONNELL, Mr. W. S. DECKER, Mr. MILTON SMITH and Messrs. ROGERS, CUTHBERT & ELLIS, for appellant.

Mr. R. D. THOMPSON, for appellee.

PER CURIAM. This case is brought here on appeal from a judgment of the court of appeals affirming a judgment of the district court of Arapahoe county; opinion reported in 8 Colo. Ct. App. 463.

The facts are there concisely stated as follows:

" For some years prior to 1891, A. B. and F. W. Jefferay did business as a firm both in Kansas and in Colorado. While in Kansas their business was of a banking character, but in Colorado, to which they removed prior to 1891, they were carrying on business as merchants and dealers in furnishing goods. This firm first started in that line in Pueblo, where in November, 1891, one of the brothers, A. B., died. F. W. continued the business as before, and under the same general firm designation, and removed to Denver in the summer of 1893. The original loan which was made by Mrs. Koon, the sister of the members of the firm, amounted to $1,800. Later, and in July, 1893, about the time of the panic, she loaned the survivor the further sum of $600. The two loans with the accumulated interest amounted, on the 31st day of July, 1893, to $2,575, for which sum F. W. Jefferay, as surviving partner of the firm, gave a note, promising to pay that sum to Mrs. Koon on demand with interest at the rate named. To secure the payment of this note F. W. executed a chattel mortgage on the stock and delivered it to his sister. Mrs. Koon thereupon took possession of the stock and proceeded to close it out through her agents. It was seized by the appellant, Burchinell, as sheriff, under divers writs of attachment issued in favor of various creditors of the firm. The sheriff took the goods out of the mortgagee's possession, removed them for sale, and applied the proceeds to the satisfaction of the attaching creditor's claims. Mrs. Koon then brought suit for the conversion, alleging the value and praying judgment. The sheriff took issue on the complaint, set up the indebtedness to the attaching creditors; the issuance and levy of the writs; the subsequent confirmation of the

attachments by the judgment, and attacked the mortgage by allegations of fraud; contested the value of the goods as laid, and insisted on the trial that the mortgage was without validity because of the want of power in the surviving partner to execute the security."

Predicated upon this state of facts its conclusions of law are:

"1. The surviving partner of an insolvent firm has power to execute a mortgage upon the firm assets to secure the payment of a firm debt.

"2. A surviving partner is not to be regarded in an action at law as a trustee for the benefit of firm creditors.

"3. A mortgage, although upon the whole stock of the mortgagor, may not be construed to be a general assignment for the benefit of creditors, when the instrument is not in that form and such was not the evident intent of the parties.

\* \* \* \* \* \* \* \*

"5. A mortgagee in possession of chattels may maintain an action for their value against an officer who illegally seizes and converts them."

The assignments of error here consist of the general statement that the court of appeals erred in rendering its opinion and judgment affirming the judgment of the district court. No new briefs were filed, as required by Rule 50, and we are in no way advised in what particulars the opinion is subject to this objection. We have, however, examined the original record and briefs submitted to the court of appeals, and after careful consideration of the objections there presented and discussed, are satisfied that it correctly announces the law applicable to the facts of the case.

The thorough and satisfactory manner in which the learned writer of the opinion has disposed of these questions renders it unnecessary for us to discuss them further. It is sufficient to say that we are in full accord with his reasoning and the conclusions reached.

The judgment of the court of appeals is therefore affirmed.

*Affirmed.*