Bissell, J.
The Flanders Dry Goods Company was a Colorado corporation doing business in Denver. It became insolvent and on the 20th day of April, 1895, gave a mortgage to the American National Bank in the sum of fl5,000, and by the same instrument secured Arnold, Constable & Company, a New York firm, for 121,979.28. The mortgage was delivered in the evening of that day which was Saturday. The following Monday the company executed a general assignment of all of its property to Joseph E. Bates for the benefit of its *67 various creditors. The mortgagees took possession and ultimately sold the stock to Howard Evans at public sale for the amount of the secured indebtedness. The bid made by Evans represented the aggregate of the two debts secured by the mortgage and his bid was the highest and best made. In reality the bills filed in the two cases involved in this suit were based almost wholly upon allegations of these facts, and there were very few, if any, other material matters set up in them. There were other averments but as we look at the case they in no manner aided the causes of action which the plaintiffs attempted to state. Bailey & Company filed their bill on the 29th of April following the two transfers. In the complaint it was stated that on the 22d of April, which was the date of tke assignment and two days after the execution of the mortgage, they had sued out an attachment, in aid of nn action at law, which was levied on the property, to wit, all the stock theretofore owned by the Flanders Dry Goods Company. Bailey & Company then set up that the purpose of the mortgage as well as the assignment was to hinder and delay creditors, and that the fraudulent purpose in the execution of the two instruments and in the order of time in which they were made out and delivered was to prefer the American National Bank and Arnold, Constable & Company to the prejudice of the other creditors, alleging that at the time the mortgage was given the company was insolvent and that the two instruments were parts and parcels of the same transaction and were to be taken together. The bill then sought to have the mortgage and deed of assignment set aside and the proceeds of the property turned over to the sheriff to be disposed of under the order of the court. The bill lacked many allegations essential to the statement of a cause of action in equ. y in behalf of Bailey & Company unless it be conceded that the execution of the mortgage on the 20th and the assign <ent on the 22d were as a matter of law fraudulent ag.ii nt creditors. But even in that event it is extremely do' . ful whether the bill stated a case for the relief prayed bee >se it would appear the plaintiffs had a good cause of *68 action at law and needed not the aid of a decree to enable them to enforce their legal rights, since they alleged that they had levied on the stock, which levy of course legally implied a seizure and possession of the stock, and their rights were enforceable in the lawsuit which they had commenced to enforce their claim against the company. We do not intend further to analyze this complaint because Bailey & Company are not here as complaining parties on appeal or otherwise, and are not before the court. The plaintiffs in that suit apparently accepted the judgment and have failed wholly to predicate error on its entry. The other suit was one commenced by McClean & Company. In that bill the plaintiffs alleged that hr the July following the execution of the mortgage and the assignment, McClean & Company obtained a judgment for $2,629.17 in the district court; that the dry goods company were without property on which a levy could be made and that the judgment was in full force and unsatisfied. The plaintiffs then proceeded to set up the giving of the mortgage, the insolvency of the Flanders Dry Goods Company and that the value of the stock was largely more than the sum owed to the bank and Arnold, Constable & Company. It also set up the execution and delivery of a general assignment to Bates of all the property of the company subject to the mortgage. The bill then stated that the mortgage and deed of assignment were parts of one and the same transaction and that the purpose was to execute a general assignment and at the same time prefer the bank and Arnold, Constable & Company as creditors. The bill is without any allegations other than the general one of such purpose, and there is no adequate or sufficient allegation that they were part and parcel of the same transaction or averments of fact which would tend to overcome the force and effect of the instruments as given and delivered. The plaintiffs further alleged that the property was sold at public sale to the highest bidder and bought by Evans for a much less sum than the value of the goods. There is a total want in the bill of any averments of fact tending to show that the *69 assignment was void unless it should be adjudged invalid because the company gave a mortgage antecedent to the time that it was executed. The prayer is that the mortgage shall be declared void and that an accounting be taken of the amount received from the sale of the property and the proceeds be brought into court. It will be observed that the assignment is in no wise attacked except under the general, theory that the mortgage was a part of it and constituted a legal preference which would avoid the assignment itself. The bill however is lacking in essential particulars whereon a bill to cancel the assignment could be predicated. The only misappropriation of property charged is that resulting from the execution of the security. This however is not so charged as to state in our judgment a good cause of action in the pleading itself.
Both these suits were on motion consolidated and tried together. The bank and the assignee were made parties and came in and answered; the bank setting up the mortgage, its character, good faith, purpose and intent, the sale under it, and the rights thereby acquired; the assignee came in both by answer and by petition of intervention. Arnold, Constable & Company were not served and did not appear. In his answer he admits the incorporation of the dry goods company, of the bank, and the partnership of Arnold, Constable & Company, the execution and delivery of the mortgage, the execution and delivery of the deed of assignment, and denies that the mortgage and the deed were executed simultaneously or that the deed was made in furtherance of any fraudulent purpose, but alleges that it was made in good faith and for the benefit of all creditors and in accordance with the provisions of the statute. In his petition of intervention he proceeds to restate these general facts and sets up that the mortgagees took possession under the mortgage which covered the entire property and sold it at public sale for f35,600 to Howard Evans who bought it for the use and benefit of the mortgagees, though he sets up that the price was never paid except as the sum was realized from the sale *70 of the property. This is an unimportant allegation because if Evans became a purchaser under the sale the time and method of payment were matters between him and the mortgagees. In the petition of intervention the assignee alleged that the dry goods company was insolvent and unable to pay its debts and knew it when they gave a mortgage and did it with full knowledge that they would be compelled to make an assignment though owing a large amount of money to other people who would be left unprotected should the mortgage be enforced, and that the purpose of giving the mortgage was to give the mortgagees an unlawful preference over the balance of the creditors of the company. In the intervention he prayed that the mortgage should be declared invalid, asked an accounting and that the defendants, the American National Bank and Arnold, Constable & Company, be decreed to pay into court whatever sum might be realized from the sale of the property.
We are unable to discover in either of the bills filed any allegations whereon could be predicated the right to cancel the assignment or whereon and whereby should evidence thereof be taken, the assignment could be adjudged invalid. The general provision of our statute undoubtedly is that no assignment is invalid because of any-misappropriation of the property by the debtor prior to the assignment, but the assignee is given the express right- to bring such action as may be necessary for the purpose of recovering property fraudulently or wrongfully disposed of prior to the execution of the instrument. Nowhere in either of the bills, in the answer of the assignee or in his petition of intervention is there anjr statement or allegation of any matters which would tend to show that the assignment was invalid under the act relating to general assignments for the benefit of creditors. So far as we can discover from the charge in the several bills the instrument is entirely valid and regular unless it was rendered inoperative because of the antecedent misappropriation of the property by the Flanders Dry Goods Company prior to its execution. The statute expressly provides that under *71 these circumstances the assignment shall not be void but the assignee may bring such action as may be necessary for the purpose of recovering the property misapplied and misappropriated. Laws of 1885, p. 47, sec. 18.
Under these circumstances the assignment was valid as between the Flanders Dry Goods Company and the assignee, and the assignee toot title to all the property belonging to that company which had not been otherwise disposed of antecedent to the delivery of the instrument. It is also true, that if the property had been misappropriated and misapplied the right of action, if any, inured to the assignee who might bring such suit to recover it as circumstances warranted. These simple suggestions together with what appears in the statement of facts dispose of the appeal so far as Bailey & Company and McClean & Company are concerned. They evidently were without right, and if a cause of action existed it was in the assignee, and he had a right to bring suit to recover the property, the mortgage being invalid.
We are relieved from any necessity to fully or elaborately discuss the question of the rights of the assignee and mortgage creditors because as we look at it the only question presented on the appeal, and in fact the only question argued by counsel, has been, subsequent to the taking of the appeal, but prior to the rendition of this decision, fully disposed of by the decisions of this and the supreme court. The truth is the appeal rests wholly on the assertion of the legal proposition that a mortgage executed at about the time of the execution of a general deed of assignment and while the mortgagor and assignor was in fact insolvent must be in law construed to be a general assignment for the benefit of creditors and by the instrument of mortgage the secured creditors will take no rights and are debarred the assertion of any claim under the security which has been delivered to them. This is on the general theory which was for a long time declared and followed in many cases in the federal nisi prius courts but which has been repudiated by the supreme court of the United States and hi this jurisdiction. This court was first called on to *72 examine tlie question and declare tlie law on the subject, and a case wherein it was decided was recently affirmed by the supreme court, and it may therefore be taken to be the law of the state. Burchinell v. Koon, infra.
The section of the statute which has already been referred to expressly provides that nothing in the act invalidates any mortgage of personal property if it is made in good faith and for a valid consideration. We have uniformly held that this section of the statute removed any possibility to apply the doctrine of the nisi prius federal courts. The law of this state is that any debtor, whether insolvent or otherwise, whether partnership or corporation, so long as he remains in possession of his property with full power of disposition may mortgage and incumber his property for the benefit of his creditors even though the result may be that some creditors thereby obtain a preference as against the general creditors of the insolvent. There is nothing whatever in the bills, in the answer of the assignee, or in his petition of intervention to show that the mortgage was not in good faith and in a general legal sense that it was not given to secure a valid and existing debt, or that there was any fraudulent arrangement between the debtor and the creditors. So far as the averments go, it was given in good faith and for a valuable consideration, unless the fact that it was followed by a general deed of assignment in law makes it invalid. This we have repeatedly adjudged otherwise and our rulings in this respect have been followed by the supreme court. Burchinell v. Koon, 8 Colo. App. 463, affirmed by the supreme court, April term, 1898, 25 Colo. 59; McCord Bragdon Gro. Co. v. Garrison et al., 5 Colo. App. 60; Farwell & Co. v. Sweetzer et al., 10 Colo. App. 421; Burchinell v. Bennett, 10 Colo. App. 502.
Since the whole argument of the appellant is built upon a proposition disposed of by these authorities, and no other question is presented by the printed briefs, or was stated on oral argument, we regard these suggestions and this consideration as an adequate disposition of the cause.
The court did not err in ordering judgment at the time and *73 in the manner in which it did, and since its judgment is entirely right, it will necessarily be, and is therefore affirmed.

Affirmed.