No. 2558

## YTURRIAGA *v.* COBEAGA

April 18, 1923.                                    214 Pac. 27.

1. PARTNERSHIP—FINDING THAT NOTE SUED ON WAS GIVEN IN PAYMENT OF SERVICES RENDERED TO DEFENDANT AS SURVIVING PARTNER SUSTAINED.

In an action against a surviving partner on a note evidence *held* to sustain a finding that the note was given in payment for services rendered to defendant as surviving partner.

2. PARTNERSHIP—TESTIMONY AS TO SERVICES IN THE CARE OF SHEEP BELONGING TO PARTNERSHIP HELD ADMISSIBLE IN ACTION AGAINST SURVIVOR ON NOTE CLAIMED TO BE FOR SERVICES RENDERED TO DEFENDANT AS SURVIVOR.

Where, in an action against a surviving partner to recover on a note signed by him in his own name and alleged to have been given for services rendered to him as surviving partner, it was in evidence that defendant continued in possession of the partnership property and continued to manage the business, admission of testimony tending to show plaintiff's services were performed in the care of sheep belonging to the former partnership *held* not error, in view of the presumption of law that defendant was conducting the partnership business with a view of closing it up as provided in Rev. Laws, 6025.

3. PARTNERSHIP—RECOVERY ON NOTE ALLEGED TO BE FOR SERVICES TO SURVIVOR AS SUCH HELD NOT AFFECTED BY FACT NOTE WAS SIGNED IN HIS INDIVIDUAL NAME.

The fact that the survivor signed his individual name to a note alleged to have been given in payment of services rendered to him as survivor would not preclude recovery on the note against him as survivor, where he was accustomed to sign checks in his own name paid out of the firm account, and, besides, was a foreigner, untutored, and inexperienced in business matters.

4. PARTNERSHIP—WHETHER SURVIVOR DELAYED CLOSING UP BUSINESS QUESTION OF FACT.

While it is the duty of a surviving partner to close up the partnership business without delay, pursuant to Rev. Laws, 6025, what constitutes delay is a question of fact in a particular case.

5. STATUTES—STATUTE AS TO WHEN PERSON IS AND IS NOT LIABLE ON INSTRUMENT HELD NOT TO APPLY TO SUIT AGAINST SURVIVOR ON NOTE CLAIMED TO BE FOR SERVICES RENDERED TO HIM AS SURVIVOR.

In an action against a surviving partner on a note signed by him in his individual name, but claimed to have been given for services rendered to him as surviving partner, Rev. Laws, 2565, providing when a person is and is not liable on an instrument, *held* not to apply.

APPEAL from Sixth Judicial District Court, Humboldt County; *James A. Callahan*, Judge.

Action by Manuel Yturriaga against Miguel Cobeaga, as surviving partner of Domingo Bengoa, a copartnership. Judgment for plaintiff, and defendant appeals. **Affirmed. Petition for rehearing denied.**

*Warren & Hawkins,* for Appellant:

No person can be charged on a written contract except those who are parties to it; in an action upon such contract the whole liability must be made out on the instrument itself, and parol evidence is not admissible to alter, add to, or vary it, which is clearly done when it is admitted either to discharge one party or to substitute or add another to it. Gillig, Mott & Co. v. Lake Bigler Road Co., 2 Nev. 219.

One who signs in a trade or assumed name will be liable to same extent as if he had signed in his own name. Rev. Laws, 2565, being section 18, Negotiable Instruments Law.

Surviving partner has exclusive right to liquidate affairs of firm, and he is under the duty to do this promptly and honestly. He may exercise whatever legal power is necessary, and is not deemed trustee for benefit of firm creditors. He has no right to subject estate to any new obligations (30 Cyc. 621), or to give promissory note, even if given in firm name, without authority from deceased. 30 Cyc. 622, note 37.

Death of partner dissolves firm, unless otherwise agreed. 30 Cyc. 620, 653.

*Thomas E. Powell,* for Respondent:

Partnership assets, as such, form no part of indi-

vidual estate of deceased partner; the residue only, after satisfying liabilities and advances, if any, made by survivor, becomes property of estate.  Andrade v. Sup. Ct., 17 Pac. 531; Theller v. Such, 57 Cal. 447, 459.

A partner cannot bequeath any specific article of firm property, for he has no absolute title to any part of it. It is all subject to payment of partnership debts, and then to adjustment of interests of partners.  Brady v. Foley, 53 Pac. 761, 762.

While the authorities cited by counsel hold that surviving partner cannot bind estate of deceased upon promissory note given after death, they do not hold that partnership property cannot be bound.  Surviving partner has power to mortgage firm property to secure firm debts, or to raise money with which to pay firm debts, or to secure money borrowed by him after his partner's death and which was used in paying firm debts.  30 Cyc. 624; Burchinell v. Koon, 52 Pac. 1100.

By the Court, COLEMAN, J.:

This action was instituted against Miguel Cobeaga, as the surviving partner of Domingo Bengoa, deceased, to recover an amount alleged to be due upon a promissory note executed September 23, 1920, and signed "Miguel Cobeaga."  During the lifetime of Bengoa, he and Cobeaga were engaged in the sheep business under the firm name of "Domingo Bengoa."  Bengoa died in October, 1918, leaving a widow surviving.  Ever since the death of Bengoa the defendant has been in the exclusive control and management of the assets of the partnership theretofore existing between himself and Bengoa.  Upon the death of Bengoa, Moses Reinhart qualified as the administrator of his estate.

After the trial had taken place, the court made formal findings, which were to the effect that, after the death of Domingo Bengoa, Miguel Cobeaga, as sole surviving partner, held possession of all the property of the former partnership and continued to conduct the business thereof in his own name; that the plaintiff rendered services to the defendant as the sole surviving partner; that the note in question was given in payment of

such services; and that no part of the note had been paid, and rendered judgment accordingly. An appeal was taken from the judgment and the order denying the motion for a new trial.

If the findings are sustained by the evidence, the judgment must be affirmed, since it is admitted that the plaintiff rendered services of the value stated in the note, that the note was executed by Cobeaga, and that it had not been paid.

The theory of the plaintiff is that the services for which the note was given were rendered to Cobeaga as surviving partner, in closing up the partnership business, while it is contended by the defendant: (1) That after the death of Bengoa his widow became a partner of Cobeaga, and that the property of the partnership theretofore existing went into the partnership thus created, and that Cobeaga had no authority to execute a note binding upon such partnership; and (2) that in fact the service rendered by the plaintiff was for a partnership, consisting of Miguel Cobeaga, Joe Cobeaga, and Mrs. Bengoa, the widow. Does the evidence justify the findings of the trial court?

1. At the time this action was tried, another was pending against this defendant upon a note given to Joe Unda by Cobeaga for services alleged to have been rendered to him as surviving partner of Bengoa. The two suits were tried together, since the conclusion in one would control in the other. Joe Unda was called as a witness in behalf of plaintiff, and he testified that prior to and at the time of the death of Bengoa he was employed by the firm composed of Bengoa and Cobeaga; that he continued in the employ of the defendant after the death of Bengoa; that from time to time thereafter he was employed by Cobeaga in looking after sheep, and that the services for which the note sued upon was given were rendered pursuant to such employment; that he had been paid from time to time for the services rendered Cobeaga and that all payments were made by him. He also testified that the sheep the plaintiff herded were sheep that were in the partnership prior to Bengoa's death, and their increase. The plaintiff in

this action testified to substantially the same facts. Moses Reinhart, the administrator of the estate of Bengoa, and president of the Winnemucca State Bank and Trust Company, where the firm had always done its banking, was called as a witness. It appears that this institution was something of a confidential agent of the firm in question, at least after the death of Bengoa, and that Mr. Reinhart was intimately acquainted with the affairs of the firm as they were conducted after the death of Bengoa. He testified that prior to the death of Bengoa the banking of the firm was done in his name. He also testified:

"Q. I notice there is a change in the style of the partnership occurring after the death of Bengoa; that is, the partnership name is changed. Why was that partnership named changed from Domingo Bengoa to Bengoa and Cobeaga? A. During the lifetime of Bengoa the accounts were carried in his name just simply for convenience; he did all the business.

"Q. And why was the partnership named changed when he died? A. Because that was the name of the partnership; they were always partners, so I opened the account under the name of Bengoa and Cobeaga.

"Q. Let me refresh your mind and see whether or not there was any other reason. Did Mrs. Bengoa have any interest, the widow of Domingo Bengoa? A. Yes, she did.

"Q. What was her interest in the partnership property? A. She was the wife of Domingo.

"Q. And what percentage of interest did she have, as you understood? A. A half interest.

"Q. And did the change of the partnership name meditate including her? Was that the reason it was changed? A. That is one reason it was changed; yes.

"Q. Mr. Reinhart, do you know who the other member of the firm was other than Cobeaga, after the death of Bengoa? A. I do not.

"Q. That is, as far as you know there was no other member of the firm, that is, living member of the firm, other than Cobeaga A. Not to my knowledge; no."

Mr. Reinhart testified that Mrs. Bengoa received

certain monthly allowances, upon the order of the court. While it is not clear, it is evident that this. order was made in the matter of the estate of Domingo Bengoa, as it does not appear that any other proceedings were pending in which such an order could have been made.

There is no testimony whatever of any partnership agreement having been entered into between Cobeaga and the widow of Bengoa, on the one hand, or between Miguel Cobeaga, Joe Cobeaga, and the widow Bengoa, on the other, or that she may put any money or property into either of such partnerships. Miguel Cobeaga did give evidence whereby he sought to establish the fact that Domingo Bengoa during his lifetime purchased a band of sheep which went into a partnership consisting of Bengoa, the defendant, and Joe Cobeaga, and that upon the death of Bengoa his widow became a partner in that firm. But there is not a scintilla of evidence tending to show that Mrs. Bengoa ever heard of such partnership or that she agreed to become a member thereof. There is no testimony tending to show that any one else ever heard of such a partnership. Certainly neither the plaintiff nor Unda ever heard of it. Mr. Reinhart testified that upon the death of Bengoa the heading of the account was changed to "Bengoa & Cobeaga," but that checks signed by Cobeaga personally were paid out of that account. Mrs. Bengoa was not called as a witness.

Numerous errors have been assigned as grounds for the reversal of the judgment, but we shall not consider them separately, believing that what we shall say will result in a disposition of the entire case.

2. Among the errors assigned there are some to the effect that the trial court erred in admitting in evidence the testimony of Joe Unda and of the plaintiff, tending to show that the services which they rendered, and for which the note sued upon was given, though signed by Cobeaga as an individual, were performed in the care of sheep, and their increase which belonged to the partnership composed of Domingo Bengoa and Miguel Cobeaga.

3, 4. We think the court was amply justified in its ruling. Section 6025, Revised Laws of Nevada, provides that upon the death of a partner the surviving partner shall have the right to continue in possession of the effects of the partnership and to settle the affairs thereof without delay. The complaint alleges that Miguel Cobeaga took possession of the assets of the partnership upon the death of Bengoa and continued to conduct the business of said partnership as the sole surviving partner, and as such executed the note in question in payment for work and labor performed for the partnership and for the defendant as sole surviving partner thereof, and that the note had not been paid. The answer was in effect a general denial It is clearly shown that the defendant continued in the possession of the partnership property and continued to manage the business This being true, it follows as a presumption of law, until the contrary is shown, that he was conducting the business with a view of closing it up as provided by statute. The trial court made no finding contrary to this presumption, but, on the other hand, its finding is in accord with it. It was certainly proper for the court to hear the evidence and ascertain whether or not the note sued upon was given "in payment for work and labor performed * * * for Miguel Cobeaga, as the sole surviving partner of said firm," as alleged in the complaint. That was the issue before the court, and it was the duty of the court to hear the evidence and ascertain the facts. We do not think that the fact that the defendant signed a note in its individual name should prevent a recovery in this case. He was accustomed to signing checks in his own name which were paid out of the firm's bank account. He is a foreigner untutored and inexperienced in business methods. After all, he was doing firm business. The indebtedness was contracted in the preservation of the assets of the partnership for the benefit of its creditors and the estate of the deceased. At the time of the death of Bengoa, the partnership was indebted to the extent of many thousands of dollars, and while it was the duty of the surviving partner to close up the business of the partnership

without delay, what constitutes delay is a question of fact in a particular case. A surviving partner is allowed some latitude in the exercise of his discretion in such matters. As was said by the Supreme Court of Kansas in Big Four Imp. Co. v. Keyser, 99 Kan. 8, 161 Pac. 592, L. R. A. 1917c, 166:

"The surviving partner is vested with some discretion as to the manner of closing the business and the time to be taken for that purpose. He may continue the business long enough to close it up without sacrificing the assets and long enough to make an advantageous disposition of the stock."

If the defendant had unduly delayed closing the partnership, the administrator of Bengoa, who was also president of the bank which was the main creditor of the partnership, could have taken steps to compel a speedy closing up thereof. There is no suggestion of delay on the part of the surviving partner in closing up the affairs of the partnership by any one. The case of Burchinell v. Koon, 8 Colo. App. 463, 46 Pac. 932, affirmed in 25 Colo. 59, 52 Pac. 1100, is one wherein a surviving partner borrowed the money while conducting the business, and gave his note therefor, secured by a mortgage, and the court held that he had authority so to do; the court saying:

"We do not regard the case as at all affected by the fact that a portion of the fund represented by the note was advanced to the survivor after the death of the other member of the firm. The money went into the general firm account, was for the benefit of the estate as controlled by the survivor, and was applied to the liquidation of outstanding firm obligations."

In that case money was borrowed for the benefit of the estate. In this case labor which had a money value was obtained to preserve the partnership estate. The same rule applies to both situations. We do not understand that counsel for appellant contend that a surviving partner has not the authority to give a note for money borrowed or for services rendered, while conducting the business in closing it up. The Colorado case

mentioned cites several authorities in support of the rule relied upon.

The ruling of the trial court was correct, and the evidence amply sustained the judgment.

5. Under the facts of this case, section 2565, Revised Laws of Nevada, has no application.

What we have said necessarily disposes of the case.

It is ordered that the judgment and order appealed from be affirmed.

### ON PETITION FOR REHEARING
November 1, 1923.

*Per Curiam:*

Rehearing denied.