No. 2587

## MENTABERRY v. MENTABERRY

December 5, 1923.                        220 Pac. 548.

1. Partnership—In Suit for Accounting between Surviving Partner and Administratrix of Deceased Partner, Equity Alone Is Competent to Administer Relief.

In a suit for an accounting by a surviving partner against the administratrix of a deceased partner, a court of equity alone is competent to administer full relief to the survivor, the administrator, and partnership creditors.

2. Partnership—Decree Ordering Partnership Assets in Hands of Administratrix Paid Directly to Creditors, instead of to Surviving Partner, Held Proper.

Where, in a suit for an accounting by a surviving partner against the administratrix of deceased partner, it developed that the partnership estate and the decedent's estate were insolvent, the court properly ordered partnership assets paid directly to the partnership creditors, whose claims had been filed and allowed, in preference to turning them over to the plaintiff.

3. Estoppel—Surviving Partner Held Barred by His Conduct from Complaining of Judgment Permitting Payment by Administratrix to Creditors.

Where a surviving partner stood by and allowed the administratrix of a deceased partner to reduce the partnership assets to her possession and distribute them under the court's orders without objection, and made no effort to take control of the property from the administratrix, he cannot, in an action for an accounting, complain of decree directing administratrix to apply moneys still in her hands to payment of firm debts, instead of delivering them to the surviving partner; he being given judgment for all sums not so expended.

APPEAL from Sixth Judicial District Court, Humboldt County; *James A. Callahan,* Judge.

Suit by Baptiste Mentaberry against Victoriana Mentaberry, individually and as administratrix of the estate of Juan Mentaberry, deceased. From the decree rendered, plaintiff appeals. **Affirmed. Petition for rehearing denied.**

*Campbell & Robins,* for Appellant:

The surviving partner is entitled to possession of all partnership effects. Rev. Laws, 6025; Reese v. Kinkead, 17 Nev. 447.

It is surviving partner's right and duty to settle partnership affairs. He may be able to satisfy every

creditor, thereby relieving himself of further obligation, but administratrix is now ordered to pay preferred creditors certain parts of their claims without regard to plaintiff's rights. She is using plaintiff's money to pay his debts as she sees fit.

While representatives of deceased partner cannot be joined with survivor as a rule in action at law, estate is everywhere liable for firm obligations. 30 Cyc. 644.

Neither laches nor estoppel was established.

*Thomas E. Powell,* for Respondent:

There is no evidence that there are creditors other than those named. The court ordered respondent to apply all partnership funds to payment of partnership creditors. Appellant cannot be prejudiced by judgment.

Neither respondent, as administratrix or in individual capacity, nor creditors can be placed in statu quo; they have been prejudiced by appellant's laches, and equity will deny relief demanded.

By the Court, SANDERS, J.:

This is a suit between Baptiste Mentaberry and Victoriana Mentaberry, individually and as administratrix of the estate of Juan Mentaberry, deceased. It appears from the complaint that plaintiff and Juan Mentaberry were, during the lifetime of the latter, partners, engaged in the livestock business, or more particularly in buying, selling, and herding sheep. Juan Mentaberry died intestate in Humboldt County in November, 1918, and in January, 1919, letters of administration upon his estate issued to his widow, Victoriana Mentaberry. It is alleged that as such administratrix she caused to be inventoried as the property of the deceased all the property, both real and personal, of the copartnership, and in the course of her administration expended all the partnership assets under the orders of the probate court, except the sum of $4,864.06. The prayer of the complaint is that an account be taken of all and singular the partnership property, and that the defendant be directed to deliver to plaintiff, as surviving partner, all partnership property of whatsoever

character in her hands. The defendant, in her own right and as administratrix, contested the plaintiff's right to an accounting, upon the ground that no partnership existed between plaintiff and the deceased, and that the latter died seised and possessed of all the property inventoried as the property of his estate. The issue was decided adversely to the defendant, and she was ordered to render and file a full account of all and singular the partnership property and of her transactions in connection therewith. This she did, and, upon the settlement of exceptions filed to her account, the court made special findings of fact and conclusions of law, and upon these findings and conclusions rendered judgment favorable in all respects to plaintiff and the creditors of the partnership whose claims had been filed, allowed, and approved against the estate of the deceased.

Plaintiff, however, appeals from the judgment, with the view of having this court modify so much thereof as is predicated upon the conclusion of law that the defendant should apply all of said moneys now held by her, to wit, $4,864.06, to the payment, pro rata, of the partnership claims, which were presented, allowed, and approved as claims against the estate of Juan Mentaberry, deceased, as shown by the defendant's account of her administration. Appellant asks that the judgment be modified, by directing the trial court to order the defendant to pay said sum of $4,864.06 to plaintiff, for the reason that, both on principle and on authority of the statute, upon the dissolution of a partnership by death, the legal title to the firm assets vests in the surviving partners, who are given exclusive right to the possession and control of the partnership assets, for the purpose of paying the partnership debts and disposing of the partnership effects for the benefit of the survivor and the estate of the deceased.

1, 2. In an action between a surviving partner and the administrator of a deceased partner, a court of equity alone is competent to administer proper and full relief

to the survivor, the administrator, and the creditors of the partnership, where the action is one for an accounting. In the case at bar, as we interpret the finding of facts, the court's judgment simply directs that the sum of $4,864.06, held by the defendant, be applied directly to the payment of the firm debts which had been presented, allowed, and approved as claims against the estate of the deceased.

It is held in numerous cases that, even when an action at law will not lie, the surviving partner may be entitled to maintain a suit in equity for an accounting and decree against the deceased partner's representatives. 30 Cyc. 649. Upon the showing made on the accounting in this case, the court treated the fund of $4,864.06 as a partnership asset, to be appropriated to the payment of the partnership debts in preference to the claim of plaintiff as a member of the partnership. It developed from the accounting that both the partnership and the estate of the deceased was insolvent. The court, under the circumstances, could not have done otherwise, in justice to the creditors or the administratrix, than to order the money in the latter's hands paid directly to the firm creditors. The creditors had a primary and preferable claim, and the administratrix had the right to insist upon the due application of the money directly to those shown to be entitled to participate in its distribution.

3. Furthermore, under the findings, we do not appreciate that appellant has shown himself to be entitled to the modification of the judgment. It is inferable from the findings that he is alone responsible for the position in which he finds himself. It seems that he stood by and allowed the defendant to reduce the partnership assets to her possession as administratrix and distribute them under the orders of the court without objection, and made no effort to take control of the property from the administratrix. The plaintiff was given judgment for all sums of money belonging to the partnership, which had not been expended by the administratrix in payment of the partnership debts. The

court by its decree and judgment was careful to safeguard and protect the creditors of the partnership in a manner in keeping with common sense and justice.

The judgment is affirmed.

DUCKER, C. J.: I concur.

COLEMAN, J., concurring:

I concur in the order of affirmance. The theory of appellant is that, being a partner, the privilege of closing up the affairs of the partnership vested in him. Unquestionably this general rule is well recognized and has been incorporated into our statutory law (Rev. Laws, 6025; Yturriaga v. Cobeaga, 47 Nev. 59, 214 Pac. 27), but the question naturally arises in this connection if that right is not a mere privilege, which may be renounced or waived.

Let us look at the facts of this case: At the time of the death of Juan Mentaberry, the plaintiff was, and for eight years theretofore had been, a resident of France. He did not arrive in the United States for four months thereafter, and upon his arrival he found that the respondent had qualified as administratrix of the estate of Juan Mentaberry, and as such had taken possession of all of the assets of the partnership, and was administering them as the assets of the estate of the deceased. Notice having been given only to the creditors of Juan Mentaberry, the creditors of the partnership filed their claims, which were approved and allowed by the court as claims against the estate of Juan Mentaberry. It may be well to observe that there is no finding of the court as to whether the business was run under a firm name or in the name of Juan Mentaberry. It appears from the findings of the court that there is now due to the creditors of the partnership upon the claims allowed by the court over $15,000, and that there is in the hands of the respondent the sum of $4,864.06 with which to pay such claims, and which the court has ordered the respondent to apply thereto. It is from this order that the appeal is taken.

As we have pointed out, it is the privilege of a surviving partner to close up the affairs of a partnership; but, when such surviving partner is not at hand to take charge of the partnership affairs, the court, upon proper application, will appoint a receiver to do so, rather than permit the assets of the partnership to be wasted. No receiver was appointed in this matter, but the property was taken charge of and preserved under the supervision of the court, and the plaintiff stood by for over two years after the death of Juan Mentaberry without invoking the aid of a court to enable him to exercise the right of survivorship conferred upon him by the statute. While the partnership estate has been administered as a probate proceeding, the identical results have been accomplished which might and would have been attained, so far as the money in question is concerned, in a receivership proceeding. The creditors of the partnership and the plaintiff have been fully protected.

In the circumstances, no benefit would result to any one by a reversal of the judgment, and we cannot say that the lower court erred; but, if it did, since section 5066, Rev. Laws, provides that no judgment shall be reversed when the substantial rights of the parties are not invaded, the judgment should be affirmed.

### ON PETITION FOR REHEARING

April 5, 1924.

*Per Curiam:*

Rehearing denied.